**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KRISTA M. KINCAID, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )    No. 13 C 7279 |
| | ) |
| MENARD, INC., | ) |
| | ) |
|        Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff's motion for remand is before the court.  For the following reasons, the motion is denied.

**BACKGROUND**

Plaintiff, Krista M. Kincaid, an Illinois citizen, brought this action in the Circuit Court of Cook County against defendant, Menard, Inc., a Wisconsin corporation with a principal place of business in Wisconsin.  Menard removed the action to this court on the basis of diversity jurisdiction.

Kincaid seeks damages for injuries sustained in a September 9, 2011 incident at a Menards store in Springfield, Illinois.  It is alleged that Menard allowed its "indoor lumber yard overhead exit door" to remain broken for an unreasonable period of time, thus creating a dangerous condition, and that plaintiff was injured when she tried to open the broken exit door.  (Compl. ¶¶ 7, 9.)  At the time, Kincaid was acting as a security guard there and was employed

by Securitas Security Services USA ("Securitas"), which is not a party to this action.

Plaintiff filed this action in state court on September 5, 2013. In a statement filed pursuant to Illinois Supreme Court Rule 222(b), which requires a plaintiff in any civil action seeking money damages to attach to her initial pleading an affidavit that the total of money damages sought does or does not exceed $50,000, Kincaid's counsel stated that the damages sought by plaintiff were in excess of $50,000. Menard was served with the complaint on September 11, 2013. On October 10, 2013, Menard removed the action to this court. Plaintiff moves to remand.

## DISCUSSION

Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). There is no dispute that the parties are of diverse citizenship, but the amount in controversy is at issue.

"The amount in controversy is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." Hart v. Schering-Plough Corp., 253 F.3d 272, 273 (7th Cir. 2001) (emphasis omitted). The proponent of federal jurisdiction--here, Menard-- bears the burden of describing how the controversy exceeds the jurisdictional threshold; this is a pleading requirement, not a demand for proof. See Spivey v. Vertrue, Inc., 528 F.3d 982, 986

(7th Cir. 2008); <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 540 (7th Cir. 2006). "That is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506, 511 (7th Cir. 2006). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." <u>Id.</u> (internal quotation marks omitted).

If material factual allegations are contested, the plaintiff must prove those jurisdictional facts by a preponderance of the evidence. <u>Meridian</u>, 441 F.3d at 543. The Seventh Circuit has emphasized that "[o]nly jurisdictional facts, such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." <u>Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.</u>, 637 F.3d 827, 830 (7th Cir. 2011) (emphasis omitted); <u>see also</u> <u>Meridian</u>, 441 F.3d at 540-41 (stating that a proponent of jurisdiction must prove contested factual assertions such as where each party resides, in order to establish domicile, or facts that determine the amount in controversy, such as the

economic effect that requested injunctive relief would have on the defendant). "Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'" <u>Meridian</u>, 441 F.3d at 541. The removing party does not have to establish that it is likely that plaintiff will prevail or, if she does, that she will obtain a judgment exceeding the amount-in-controversy requirement. <u>Back Doctors</u>, 637 F.3d at 829-30. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this amount exceeds the jurisdictional threshold, the case proceeds in federal court unless a rule of law will keep the award under the threshold. <u>Rising-Moore v. Red Roof Inns, Inc.</u>, 435 F.3d 813, 816 (7th Cir. 2006); <u>see also</u> <u>Johnson v. Wattenbarger</u>, 361 F.3d 991, 994 (7th Cir. 2004) ("A demand is legally impossible for jurisdictional purposes when it runs up against a statutory or contractual cap on damages or when the theories of damages employ double counting." (citations omitted)).

In its notice of removal, Menard pointed to the allegations of the complaint regarding the nature of plaintiff's injuries to support its argument that the amount-in-controversy requirement was met. It noted that the complaint seeks damages in "an amount in excess of [that state court's] jurisdictional requisite," which is $50,000. Menard also stated: "Plaintiff has not provided exhaustive information about the extent of her injuries, but it is believed that the alleged injuries--back injuries resulting in pain

radiating to plaintiff's hip and leg, extensive medical consultation, treatment, and therapy, and hospital and doctor's visits--unquestionably place the amount in controversy in excess of $75,000.00." (Notice of Removal at 2-3.)

In her motion for remand, plaintiff contends that Menard has failed to meet its burden of demonstrating removability. In support of her argument, plaintiff states that she filed a workers' compensation claim in connection with the incident described in the complaint, and she attaches to her motion two pertinent exhibits. The first is a copy of the workers' compensation settlement agreement between plaintiff and Securitas in the amount of $9,000. The settlement agreement was signed by Kincaid's and Securitas's counsel in late August 2013, before the filing of the instant action, and by Kincaid herself on October 1, 2013. (Pl.'s Mot, Ex. 2.) The second exhibit consists of a November 4, 2013 letter and attached ledger from Securitas's workers' compensation insurance carrier to Kincaid's counsel. In the letter, the carrier asserts a lien in the amount of $18,547.34 ("$6,069.14 in medical payments and $12,478.20 in indemnity payments") against any settlement or judgment that might occur with respect to the incident. (Pl.'s Mot., Ex. 3.) The full extent of plaintiff's argument about these exhibits is that "[b]ased upon this evidence, Defendant has failed to meet[] its burden of establishing sufficient evidence to support that diversity jurisdiction exists." (Pl.'s Mot. at 3.)

In response, Menard cites plaintiff's counsel's Rule 222 affidavit, which stated that plaintiff seeks recovery in excess of $50,000, as well as plaintiff's allegations regarding her injuries, which are as follows:

> Plaintiff . . . sustained serious and permanent injuries when she tried opening the broken exit door on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed an[d] cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering.

(Compl. ¶ 9.)  Menard also cites plaintiff's allegation that she "was deprived of earnings to which she might have otherwise been entitled."[1] (Compl. ¶ 9.)

Menard's burden is to explain plausibly how the stakes exceed $75,000.  It has met that burden, given (1) the allegations regarding Kincaid's "serious and permanent" injuries requiring "extensive" treatment, the expense of "great sums" of money, her past, present, and future "great pain" and suffering, and her lost wages; (2) Menard's statement in its notice of removal that plaintiff alleges "back injuries resulting in pain radiating to plaintiff's hip"; (3) plaintiff's prayer for damages in excess of $50,000 "and any further relief which th[e] Honorable Court finds

---

[1] Menard also contends that the plaintiff's motion was untimely because it was filed more than thirty days after the filing of the notice of removal, citing 28 U.S.C. 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Section 1447(c)'s thirty-day limit, however, does not apply here because plaintiff's motion challenges the court's subject-matter jurisdiction.

fair and just"; and (4) plaintiff's counsel's Rule 222 affidavit stating that the damages sought exceed $50,000. Moreover, we note that when plaintiff filed her complaint (or at any time prior to removal), she did not file any affidavit or stipulation stating that she would not demand or accept any recovery in excess of $75,000. If a plaintiff does not stipulate to damages of $75,000 or less, "the inference arises that [s]he thinks h[er] claim may be worth more." Oshana, 472 F.3d at 512.

Because Menard has satisfied its burden, this action must remain in federal court unless plaintiff can show that it is legally impossible for her to recover more than $75,000. Her motion misses the mark. Plaintiff does not contest any of the facts supporting Menard's estimate that the amount in controversy exceeds $75,000; she merely introduces evidence of the settlement of her workers' compensation claim, which is wholly separate from her negligence claim against Menard in this action. Workers' compensation awards do not compensate for pain and suffering. Moreover, "what matters is the amount put in controversy on the day of removal." Oshana, 472 F.3d at 513. Plaintiff did not sign the workers' compensation settlement agreement until October 1, 2013, nearly a month after this action had been filed, and the insurance carrier did not assert its lien until November 2013. In any event, the workers' compensation settlement amount and the amount of the insurance carrier's lien do not demonstrate that it is legally

impossible for Kincaid to recover more than $75,000 against Menard. Accordingly, we will deny plaintiff's motion for remand.

## **CONCLUSION**

Plaintiff's motion for remand [15] is denied.  A status hearing is set for May 7, 2014 at 11:00 a.m. to discuss defendant's pending motion to change venue.


DATE:        April 30, 2014


ENTER:       _____
             John F. Grady, United States District Judge